

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| JUDY ANN JOHNSON, on behalf of herself and others similarly situated, Plaintiff, | § § § § |
| vs. | §  CIVIL ACTION NO. 8:07-CV-1614-HFF § |
| AMBLING MANAGEMENT COMPANY, d/b/a Pendleton Garden Apartments, Defendant. | § § § § |

### MEMORANDUM OPINION AND ORDER

**I.     INTRODUCTION**

This case was filed as a personal injury action. In the Complaint, Plaintiff brings three claims: 1) invasion of Plaintiff's privacy 2) breach of contract, and 3) a violation of 18 U.S.C. §§ 2511 & 2520 (the Federal Wiretapping Act). The Court's jurisdiction in the matter rests on 28 U.S.C. §§ 1331 and 1332.

Pending before the Court are Defendant's two motions for partial summary judgment. After carefully considering the motions, the responses, the record, and the applicable law, it is the judgment of this Court that Defendant's first motion for partial summary judgment will be granted and Plaintiff's second motion for partial summary judgment will be granted only as to actual and statutory damages.

## II.     FACTUAL AND PROCEDURAL HISTORY

The factual history recited below is largely drawn from Plaintiff's papers filed in opposition to Defendant's motions for partial summary judgment.

In March 2006, Plaintiff Judy Ann Johnson entered into a residential "Lease for Subsidized Programs" with Defendant for a unit at Pendleton Garden Apartments (the apartments) in Anderson County, South Carolina.  Thereafter, Plaintiff resided in unit 17 located at 210 Kirk Lane at the apartments.  In March 2007, Plaintiff discovered that Defendant had installed a surveillance system outside the leasing office of the apartment complex, which included electronic, mechanical, or other video and audio listening, eavesdropping or bugging devices.

Plaintiff's Federal Wiretapping Act and invasion of privacy claims are premised on Defendant's installation and use of listening devices at the apartments while Plaintiff's breach of contract claim is premised on Defendant's installation and use of listening devices at the apartments which, according to Plaintiff, constituted a breach of the lease agreement.  The relevant language of the lease agreement, found at paragraph 22 of the lease agreement, states:

> The Landlord may, with prior approval of HUD, change the terms and conditions of this Agreement.  Any changes will become effective only at the end of the initial term or a successive term. The Landlord must notify the Tenant of any change and must offer the Tenant a new Agreement or an amendment to the existing Agreement. The tenant must receive the notice at least sixty (60) days before the proposed effective date of the change.

Defendant filed its first motion for partial summary judgment as to Plaintiff's invasion of privacy and breach of contract claims and its second motion as to Plaintiff's cause of action under the Federal Wiretapping Act.   Having been fully briefed, the motions are now ripe for review.

**III.    DISCUSSION**

> *A.    Defendant's first motion for partial summary judgment: breach of contract and invasion of privacy*
>
> > *1.    breach of contract*

A breach of contract occurs when either party fails to perform one of the terms of the agreement.  Plaintiff's breach of contract claim rests on paragraph 22 of the lease agreement, which, as noted above, states:

> The Landlord may, with prior approval of HUD, change the terms and conditions of this Agreement.  Any changes will become effective only at the end of the initial term or successive term.  The Landlord must notify the Tenant of any change and must offer the Tenant a new Agreement or an amendment to the existing Agreement.  The tenant must receive the notice at least sixty (60) days before the proposed effective date of the change.

Here, Plaintiff contends that Defendant altered the terms of the lease by installing and using surveillance equipment.[*]  Defendant, however, argues that the surveillance equipment was installed for the sake of the apartment residents' security.

Paragraph 26 of the Agreement states: "[t]his Agreement and its Attachments make up the entire agreement between the Landlord and the Tenant regarding the unit."  Thus, because there existed no terms or conditions related to surveillance, Plaintiff cannot reasonably argue that Defendant's actions altered the agreement.

Further, it is considered a standard provision of all residential rental and lease agreements in South Carolina that the landlord shall "keep all common areas of the premises in a reasonably safe

---

[*]This statement appears to be in contrast to Plaintiff's deposition testimony in which she agreed that it was not her "contention that [her] lease require[d] amendment for the apartment complex to add a surveillance camera at the office[.]"  (Pl.'s Dep. 97:12-15.)

3

condition." South Carolina Residential Landlord & Tenant Act § 27-40-440(a)(3). In fact, paragraph 10(a)(2) of the lease agreement provides that Defendant "maintain the common areas and facilities in a safe condition." Thus, although Defendant was not required to do so, inasmuch as the installation of the surveillance equipment was for purpose of the residents' safety, such installation was in satisfaction, not in breach, of the agreement.

For these reasons, Defendant's motion for partial summary judgment on this issue will be granted.

### 2. *invasion of privacy*

The Supreme Court of South Carolina has defined "invasion of privacy" as "[1] [t]he unwarranted appropriation or exploitation of one's personality, [2] the publicizing of one's private affairs with which the public has no legitimate concern, or [3] the wrongful intrusion into one's private activities, in such manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities." *O'Shea v. Lesser*, 308 S.C. 10, 17, 416 S.E.2d 629, 633 (1992) (quoting *Meetze v. Associated Press*, 230 S.C. 330, 95 S.E.2d 606, 608 (1956)). It appears that Plaintiff is seeking relief pursuant to the third form of invasion of privacy, wrongful intrusion.

To establish wrongful intrusion into private affairs, Plaintiff must plead and prove the following elements:

> (1) *Intrusion.* An intrusion may consist of watching, spying, prying, besetting, overhearing, or other similar conduct. Whether there is an intrusion is to be decided on the facts of each case.
>
> (2) *Into that which is private.* The intrusion on the plaintiff must concern those aspects of himself, his home, his family, his personal relationships, and his communications which one normally expects will be free from exposure to the defendant.
>
> (3) *Substantial and unreasonable* enough to be legally cognizable. The law does not provide a remedy for every annoyance that occurs

> in everyday life. . . . [T]o constitute an invasion of privacy, the defendant's conduct must be of a nature that would cause mental injury to a person of ordinary feelings and intelligence in the same circumstances. The law protects normal sensibilities, not heightened sensitivity, however genuine.   Whether the conduct in question meets this test is, in the first instance, a question of law for the court.
>
> (4) *Intentional.* The defendant's act or course of conduct must be intentional.  For purposes of civil liability, an act is intentional if (1) it is done willingly; and either (2) the actor desires the result of his conduct, whatever the likelihood of that result happening; or (3) the actor knows or ought to know the result will follow from his conduct, whatever his desire may be as to that result.

*Snakenberg v. Hartford Cas. Ins. Co., Inc.*, 299 S.C. 164, 171-172, 383 S.E.2d 2, 6 (S.C. App. 1989) (citations and quotation marks omitted).

Although Plaintiff has arguably established intrusion, the first element of this cause of action, she has failed to establish the second one--specifically any expectation of privacy that she may have had when outside the leasing office of the apartments.  Simply stated, there can be no expectation of privacy when in a common area of an apartment complex.

The Courts of Appeals that have addressed the issue within the criminal law context, with the exception of the Sixth Circuit, have agreed and have uniformly held that tenants do not have an expectation of privacy in the common areas of large, multi-unit apartment complexes. *E.g., United States v. Miravalles*, 280 F.3d 1328, 1333 (11th Cir. 2002) (common areas of apartment); *United States v. Nohara,* 3 F.3d 1239, 1241-42 (9th Cir. 1993) (apartment hallway); *United States v. Concepcion*, 942 F.2d 1170, 1171-72 (7th Cir. 1991) (apartment common areas); *United States v. Barrios-Moriera*, 872 F.2d 12, 14-15 (2d Cir. 1989) (apartment hallway) *overruled on other grounds by Horton v. Cal.*, 496 U.S.128 (1990); *United States v. Eisler*, 567 F.2d 814, 816 (8th Cir. 1977) (apartment hallway).  *See also United States v. Cruz Pagan*, 537 F.2d 554, 558 (1st Cir. 1976) (unlocked garage of apartment).  These courts have generally reasoned that because such areas are

5

open to other tenants and their guests, there can be no reasonable expectation of privacy in common areas by any one tenant. Furthermore, if the common area is a business establishment, it "invite[s] lesser privacy expectations than . . . residences." *Vega-Rodriguez v. Puerto Rico Telephone Co.*, 110 F.3d 174, 178 (1st Cir. 1997).

Moreover, although Plaintiff can arguable establish the fourth element of wrongful intrusion, the intentionality factor, Plaintiff has failed to establish the third element: that Defendant's alleged intrusion was of "a nature that would cause mental injury to a person of ordinary feelings and intelligence in the same circumstances." *Snakenberg*, 299 S.C. at 171-172, 383 S.E.2d at 6. Such failure, coupled with the failure to establish that Plaintiff had a reasonable expectation of privacy, is fatal to Plaintiff's wrongful intrusion claim.

It bears noting that a Fourth Amendment claim is often mentioned within the same context as a wrongful intrusion claim. The Fourth Amendment provides for the "right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures." U.S. Const. Amend. IV. However, invasions into a person's privacy do not always implicate the Fourth Amendment. Rather, the Fourth Amendment is limited to "searches conducted by the government, not by a private party, unless the private party acts as an 'instrument or agent' of the government." *United States v. Young*, 153 F.3d 1079, 1080 (9th Cir. 1998). To determine whether a search is private or governmental hinges on "whether (1) the government knew of and acquiesced in the intrusive conduct; and (2) whether the party performing the search intended to assist law enforcement efforts or further the party's own ends." *Id.*

Plaintiff offers no evidence that law enforcement "knew or acquiesced in the [allegedly] intrusive conduct." *Id.* Further, no evidence has been presented that Defendant was attempting to

6

assist law enforcement efforts when it installed the surveillance equipment. In fact, it appears that the reason for the alleged intrusion was to further Defendant's own ends: to make the apartment complex a safer place. Therefore, any suggestion by Plaintiff of a Fourth Amendment violation is unfounded.

Having found that Plaintiff's invasion of privacy claim fails as a matter of law, Defendant's motion for partial summary judgment will be granted on this issue.

### B.   *Defendant's second motion for partial summary judgment: the Federal Wiretapping Act as to actual and statutory damages*

The Federal Wiretapping Act, 18 U.S.C. § 2520, creates "a private cause of action for victims of acts made criminal in § 2511." *Flowers v. Tandy* Corp., 773 F.2d 585, 589 (4th Cir. 1985). Section 2511 provides in applicable part that "any person who . . . intentionally intercepts . . . any wire, oral or electronic communication . . . shall be subject to suit." 18 U.S.C. § 2511. The federal Act defines "intercept" as "the aural or other acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4). If § 2511 is found to have been violated, the aggrieved party "may in a civil action recover . . . such relief as may be appropriate," including "equitable or declaratory relief . . . damages. . . and punitive damages in appropriate cases; and . . . a reasonable attorney's fee and other litigation costs reasonably incurred." 18 U.S.C. §§ 2520 (a)-(b).

In *Nalley v. Nalley*, 53 F.3d 649 (4th Cir. 1995), when the plaintiff sought damages for violations of the Federal Wiretapping Act, the court set forth "a number of factors that weigh in the determination of whether an award of damages is appropriate." *DirectTV, Inc. v. Rawlins*, 523 F.3d 318, 325 (4th Cir. 2008). These factors include:

> the severity or minimal nature of the violation; whether there was actual damage to the victim; the extent of any intrusion into the victim's privacy; the relative financial burdens of the parties; whether there was a reasonable purpose for the violation; and whether there was any useful purpose to be served by imposing the statutory damages amount.

*Id.* at 325-26.

Further, *DirectTV* explains the court's scope of discretion:

> [D]iscretion to award or not award damages under the Wiretap Act is not restricted to those cases involving de minimus violations. Such discretion is not boundless, however. To the contrary, a district court must carefully evaluate the relevant evidence, heeding the factors involved in *Nalley* . . . before exercising its discretion.

*Id. at* 330*.* The plaintiff in *Nalley* was not awarded damages despite the defendant's de minimis violations of the Act. Because there was no financial loss nor profit to the violator as a result of the violation, the court found that an award of damages would fail to serve a purpose. *Nalley*, 53 F.3d at 653-54.

Like the plaintiff in *Nalley*, Plaintiff will not be awarded damages in the present case. The Court's holding is based on the following: (1) The alleged violation of the Act, if at all, was minimal in nature; (2) Plaintiff has failed to show any actual damages; (3) As noted above, Plaintiff had no reasonable expectation of privacy in the common areas of the apartment complex; (3) There was no financial burden on either of the parties directly caused by the alleged violation; (4) The purpose of the alleged violation was reasonable, namely to provide safety for the residents of the complex; and (5) The Court can fathom no useful purpose that the granting of damages would serve. Therefore, the Court will grant Defendant's motion on this issue only as to actual and statutory damages.

**IV.     CONCLUSION**

Based on the foregoing discussion and analysis, it is the judgment of this Court that Defendant's first motion for partial summary judgment be **GRANTED** and Plaintiff's second motion for partial summary judgment be **GRANTED** only as to actual and statutory damages.

**IT IS SO ORDERED**.

Signed this 17th day of September, 2008, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE
